UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL A. SMITH,

    Plaintiff,

v.

J. JANAM, et al.,

    Defendants.

No. 2:19-cv-492-EFB P

ORDER

Plaintiff proceeds without counsel in this action brought pursuant to 42 U.S.C. § 1983. He has filed two applications to proceed in forma pauperis (ECF Nos. 2 & 5).

## Application to Proceed In Forma Pauperis

The court has reviewed the second of plaintiff's two applications and finds that it makes the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's request to proceed in forma pauperis is granted. The initial application is, therefore, redundant and is denied as moot.

## Screening

### I. Legal Standards

Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

/////

1

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (*citing Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 562-563 (2007).

II. Analysis

Plaintiff's complaint contains two unrelated claims which must be dismissed on that basis.

First, he claims that defendant Janam – a correctional officer – "targeted [plaintiff] with multiple antagonistic, harassing searches over an (sic) 30 day period or so." ECF No. 1 at 5. Plaintiff argues that the purpose behind these searches was to ruin his chances of obtaining parole by either finding contraband or provoking plaintiff into aggressive action against officers. *Id.*

Second, plaintiff argues that, in preparation for an "imminent" parole board hearing, he reviewed his file and discovered a "chrono" alleging that he had engaged in disruptive behavior. *Id.* at 6. He claims that he never received – as procedure requires – notification that this

document was being filed against him. *Id.* After making inquiries, plaintiff alleges that he learned that the document's inclusion was orchestrated by defendant "B. Gibney" – a high ranking administrator.[1] *Id.* Plaintiff filed an administrative complaint against Gibney. *Id.* He claims that Gibney himself improperly adjudicated this complaint and found the document, which he termed "accurate" and "non-punitive," was properly included. *Id.*

With respect to both of the foregoing claims, plaintiff argues that defendant Lizarraga – warden of Mule Creek State Prison (where the relevant claims arose) – "rubber-stamped" administrative investigations into plaintiff's claims. *Id.* at 7.

These two claims are not sufficiently related to proceed in the same action. Whether defendant Janam attempted to frustrate plaintiff's parole opportunities by instigating cell searches is a separate question from whether defendant Gibney improperly placed a document in plaintiff's file. It is well settled that unrelated claims against different defendants belong in separate suits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff makes a cursory attempt to join these claims by arguing that all named defendants conspired to sabotage his parole hearings and to silence his complaints concerning abusive treatment by correctional officers. *Id.* at 4. He does not, however, make any specific, factual allegations regarding this conspiracy and, thus, he will not be permitted to proceed with factually disparate claims on that basis. *See Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982) (vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand dismissal).

Plaintiff will be given leave to amend to correct the foregoing deficiencies.

III.  Leave to Amend

Plaintiff is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to

---

[1] The court is unclear what allegations, if any, plaintiff intends to bring against defendant Lisa Alexander. With respect to her, plaintiff alleges only that she was "coerced" by defendant Gibney into signing the offending document. ECF No. 1 at 6.

3

perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George*, 507 F.3d at 607. Nor, as mentioned above, may he bring unrelated claims against multiple defendants. *Id.*

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

<u>Conclusion</u>

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 5) is GRANTED;

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith;

4

3. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is DENIED as MOOT;

4. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend within 30 days from the date of service of this order; and

5. Failure to file an amended complaint that complies with this order may result in the dismissal of this action for the reasons stated herein.

DATED: November 26, 2019.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE