Michael A. Smith # E97346
Name and Prisoner/Booking Number

Ironwood State Prison B1-125 Low
Place of Confinement

P.O Box 2199
Mailing Address

Blythe, California  92226
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

**FILED**

**DEC 2 6 2019**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL A. SMITH
(Full Name of Plaintiff)                        Plaintiff,

v.

(1) LISA ALEXANDER
(Full Name of Defendant)

(2) BENJIRMEN GIBNEY

(3) JOE A. LIZARRAGA

(4) _____
                    Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

)
)
)
)
)
)  CASE NO. 2:19-cv-492-EFB
)        (To be supplied by the Clerk)
)
)
)
)
)      **CIVIL RIGHTS COMPLAINT**
)        **BY A PRISONER**
)
)   ☐ Original Complaint
)   ☒ First Amended Complaint
)   ☐ Second Amended Complaint

## A. JURISDICTION

1.  This Court has jurisdiction over this action pursuant to:

    ☒ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983

    ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).

    ☐ Other: _____.

2.  Institution/city where violation occurred: Mule Creek State Prison _____.

## B. DEFENDANTS

1. Name of first Defendant: Lisa Alexander_____. The first Defendant is employed as:
CBT Instructor(Health Right 360)_____ at Mule Creek State Prison_____.
(Position and Title)                    (Institution)

2. Name of second Defendant: Benjarmin Gibney_____. The second Defendant is employed as:
Correctional Counselor III_____ at  Mule Creek State Prison_____.
(Position and Title)                    (Institution)

3. Name of third Defendant: Joe A. Lizarraga_____. The third Defendant is employed as:
Warden_____ at Mule Creek State Prison_____.
(Position and Title)                    (Institution)

4. Name of fourth Defendant: _____N/A_____. The fourth Defendant is employed as:
_____ at_____.
(Position and Title)                    (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?        ☒ Yes        ☐ No

2. If yes, how many lawsuits have you filed? _1._. Describe the previous lawsuits:

a. First prior lawsuit:
   1. Parties: Michael A. Smith_____ v. W. Williams_____
   2. Court and case number: _____.
   3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) I allowed it to get dismissed._____.

b. Second prior lawsuit:
   1. Parties: _____N/A_____ v. _____N/A_____
   2. Court and case number: _____.
   3. Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____
   _____.

c. Third prior lawsuit:
   1. Parties: _____N/A_____ v. _____N/A_____
   2. Court and case number: _____.
   3. Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____
   _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D. CAUSE OF ACTION

### CLAIM I

1.  State the constitutional or other federal civil right that was violated: **Falsification of documents under color of Authority(perjury)-False imprisonment,Cruel & Unusual Punishment-Due Process was Denied.**(8th and the 14th Amendment was violated).

2.  **Claim I.** Identify the issue involved. Check **only one**. State additional issues in separate claims.

    ☐ Basic necessities          ☐ Mail              ☐ Access to the court      ☐ Medical care

    ☐ Disciplinary proceedings   ☐ Property          ☐ Exercise of religion     ☐ Retaliation

    ☐ Excessive force by an officer   ☐ Threat to safety   ☒ Other: Falsification of documents   .

3.  **Supporting Facts.** State as briefly as possible the FACTS supporting Claim I. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

    On 6/13/18 Lisa Alexander, CBT Facilitator authored a False CDC 128B which was adverse. This CDC 128B greatly impacted the Board of Prison Hearings 11-15-2018 decision to deny my Parole for 3 years.(see Exhibit "A" CDC 128B dated 6/13/2018).

    Immediately after creating the CDC 128B dated 6/13/2018, Lisa Alexander attempted to consult with several other staff about the falsified 128 B dated 6/13/2018 and contacted my Correctional Counselor regarding an attempt to write an Official Retraction of her own accord, as documented in CDCR 22 form dated 7/5/2019 signed by the Correctional Counselor B. Layman. (see Exhibit "B").

    When confronted with an official **inquiry** regarding the falsified CDC 128 B dated 6/13/18 via CDCR 22 form dated 6/24/19 **"Lisa Alexander"** responded that she attempted to remove the document in question and that **she was threatened with termination and get walked off the Institutional grounds** if she did not sign it. (see Exhibit "C" CDCR 22 dated 6/24/2019) and signed by **Lisa Alexander** herself and per such.

4.  **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

    I suffered **irreparable damages** that resulted in adverse documents being placed into my Electronic C-File which resulted in a BPH **Parole denial.** My character was slandered and tainted by false allegation. I am now suffering an additional 3 years in Prison as a   . result of the denial based on **Exhibit "A"!**

5.  **Administrative Remedies:**

    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                          ☒ Yes    ☐ No

    b.  Did you submit a request for administrative relief on Claim I?                          ☒ Yes    ☐ No

    c.  Did you appeal your request for relief on Claim I to the highest level?                 ☒ Yes    ☐ No

    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

## CLAIM II

1. State the constitutional or other federal civil right that was violated: __Denial of Due Process under__
__The 8th and 14th Amendment.__

2. **Claim II.** Identify the issue involved. Check **only one**. State additional issues in separate claims.

    ☐ Basic necessities          ☐ Mail            ☐ Access to the court        ☐ Medical care

    ☐ Disciplinary proceedings   ☐ Property        ☐ Exercise of religion       ☐ Retaliation

    ☐ Excessive force by an officer   ☐ Threat to safety   ☒ Other: _____.

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

On or about 6/13/2018 CC3. Benjamin Gibney directed CBT Instructor Lisa Alexander to
write False documentational information on a 128 B.(**Exhibit "A"**) against Plaintiff.
Defendant B. Gibney further threatened to terminate Lisa Alexander and walk her off
of Prison grounds if she did not Author aforementioned CDC 128 B.
Upon Plaintiff appealing this action via CDC 602 dated 6/28/2018 "CC3 B. Gibney" heard
this issue on appeal which was filed **against him by plaintiff.** This alone is a violation
of CDCR policy and California Title 15 and basic Due Process Protection gaurantee the
plaintiff under the 14th Amendment. **Ultimately,** CC3. B. Gibney ruled against  plaintiff
in his own favor being the Defendant., in essence denying plaintiff a **fair and impartial**
**Hearing.** (see Exhibit "D" CDC 602 dated 6/28/2018), and this 602 in question was in fact
reviewed by CC3. B. Gibney himself on July 24,2018.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
I suffered Irreparable damages that resulted in adverse documents being placed into my
C-File which resulted in a BPH denial, and yet Due Process rights being violated through
the course of it all and in its entirety.

5. **Administrative Remedies.**

    a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your
       institution?                                                                     ☒ Yes   ☐ No

    b. Did you submit a request for administrative relief on Claim II?                   ☒ Yes   ☐ No

    c. Did you appeal your request for relief on Claim II to the highest level?          ☒ Yes   ☐ No

    d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you
       did not. _____
       _____.

## CLAIM III

1. State the constitutional or other federal civil right that was violated: <u>8th and 14th Amendment</u>

2. **Claim III.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☒ Other: _____.

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim III. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   The Warden "Hiring Authority" oversee's the complete Prison **"Mule Creek State Prison"** and is fully responsable for **all of his employee's**. On October 3, 2018 I wrote and notifying the Warden **"Joe A. Lizarraga"** (see Exhibit "E") I asked/requested that he have the matter fully investigated by an **Internal Affairs Division** after learning what took place in it's entirety, **but yet he refused to do so, and refused to have my filed complaint processed as a staff complaint.** (Being a staff complaint of such nature) would place a spotlight on the Inst. and the ethic's of it's employee's by the **Falsification of Documentations placed into my Central File,** and overlooking that a **Criminal Act occurred by his employee's** that took place here that had an Adverse affect. **My CDCR 602 was filed before I contacted him, and I continued** to **inquire with the Appeals Coordinator why wasn't my Complaint being Processed as a 832.5** staff **Complaint** (see Exhibit "F" CDCR 22 dated 7/24/2018) whom states that the Warden determined that my Complaint did not meet the criteria as a staff complaint **"although"** a Crime has been Committed by his employee's **(by the falsifying of the 128 B)** and placing it into my C-File.

   * **Shortly later** within a few months, the Warden Joe A. Lizarraga was walked off the Prison grounds himself and under an **Federal Investigation.** (see Exhibit "G") _____.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

   He failed to request that this matter be properly Investigated by an OIA Agency, inwhich would of limited the damages caused in my BPH Hearing. _____.

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?  ☒ Yes  ☐ No
   b. Did you submit a request for administrative relief on Claim III?  ☐ Yes  ☒ No
   c. Did you appeal your request for relief on Claim III to the highest level?  ☐ Yes  ☒ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. The CDCR system is designed that no inmate can file Appeals against an High ranking official "Warden", and only option is via the Court System. _____.

If you assert more than three Claims, answer the questions listed above for each additional Claim on a separate page.

5

## E.  REQUEST FOR RELIEF

State the relief you are seeking:
Plaintiff asks the Court to Grant Damages in the Amount of:
Compensatory Damages : $ 250,000.00 Per. Defendant
Reimbursement of Filing Cost of: $ 350.00
Punitive Damages in the sum of : $ 250,000.00 or what the Court Deems is Just.
Any other Relief deemed Just by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  12/22/19 _____

DATE

_____

SIGNATURE OF PLAINTIFF

**Pro se**
_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

_____
(Signature of attorney, if any)

_____
_____

(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space you may attach more pages, but you are strongly encouraged to limit your complaint to twenty-five pages.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages. Remember, there is no need to attach exhibits to your complaint.

Exhibit  A

State of California

**Department of Corrections**
CDC-128-B (REV. 4/74)

**NAME and NUMBER: SMITH, E97346**

On Friday, June 8, 2018, at approximately 0745 and 0830 hours inmate SMITH, CDCR#E97346 questioned me in regards to how many hours he had attended Family Relations. I informed SMITH I did not know or track his hours in Family Relations. SMITH continued to pester me about his hours of attendance until I finally had to ask him to stop and sit down. SMITH'S outburst disrupted the class I was teaching. SMITH eventually sat down and refused to participate in the class for the remainder of day. SMITH also stated he was going to 602 me, contact his lawyer and try to get me fired.

It is noted, this is not the first time SMITH has questioned me in regards of his hours of attendance. However, it is the first time SMITH has become irate, to the point of disrupting class and forcing me to give him direction to sit down and not ask me another question about his hours of attendance.

LISA ALEXANDER
CBT Facilitator

Dist: C-File
     CC1
     Inmate
     Writer
     Mental Health

DATE   6/13/2018           **MCSP**           **GENERAL CHRONO**

Exhibit  B

STATE OF CALIFORNIA
**INMATE/PAROLEE REQUEST FOR INTERVIEW, ITEM OR SERVICE**
CDCR 22 (10/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

## SECTION A: INMATE/PAROLEE REQUEST

| NAME (Print):  (LAST NAME)     (FIRST NAME) | CDC NUMBER: | SIGNATURE: |
|---|---|---|
| Smith     Michael | #E97346 | |
| HOUSING/BED NUMBER: | ASSIGNMENT: | HOURS FROM 7 TO 2 | TOPIC (I.E. MAIL, CONDITION OF CONFINEMENT/PAROLE, ETC.): |

| HOUSING/BED NUMBER: | ASSIGNMENT: |
|---|---|
| C15-227 | office service |

CLEARLY STATE THE SERVICE OR ITEM REQUESTED OR REASON FOR INTERVIEW:
this is for record purposes: you spoke with Lisa Alexander regarding that
June 13,2018 (128) and she told you and Sgt.Campbell that she was going to
provide the chrono and wanted to get that 128 removed from my C-file record

METHOD OF DELIVERY (CHECK APPROPRIATE BOX) **\*\*NO RECEIPT WILL BE PROVIDED IF REQUEST IS MAILED \*\***
☑ SENT THROUGH MAIL  ADDRESSED TO: CCI.Layman - C-facility          DATE MAILED: 7 /5 18
☐ DELIVERED TO STAFF (STAFF TO COMPLETE BOX BELOW AND GIVE GOLDENROD COPY TO INMATE/PAROLEE):

| RECEIVED BY: PRINT STAFF NAME: | DATE: | SIGNATURE: | FORWARDED TO ANOTHER STAFF? (CIRCLE ONE)    YES    NO |
|---|---|---|---|
| IF FORWARDED – TO WHOM: | | DATE DELIVERED/MAILED: | METHOD OF DELIVERY: (CIRCLE ONE)  IN PERSON    BY US MAIL |

## SECTION B: STAFF RESPONSE

| RESPONDING STAFF NAME: | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|
| B. LAYMAN | 7-5-18 | B. Layman | 7-5-18 |

I SPOKE WITH MRS. ALEXANDER REGARDING THE 128 AND
SHE TOLD ME SHE HAD WRITTEN A RETRACTION LETTER AND
WAS GOING TO HAVE THE 128 REMOVED. I LATER SPOKE TO SGT.
CAMPBELL WHO STATED HE WAS GOING TO ADVISE MRS.
ALEXANDER TO WRITE A 128B TO ASK THAT THE ORIGINAL
128 SHE WROTE BE REMOVED.

## SECTION C: REQUEST FOR SUPERVISOR REVIEW

PROVIDE REASON WHY YOU DISAGREE WITH STAFF RESPONSE AND FORWARD TO RESPONDENT'S SUPERVISOR IN PERSON OR BY US MAIL. KEEP FINAL CANARY COPY.

| SIGNATURE: | DATE SUBMITTED: |
|---|---|

## SECTION D: SUPERVISOR'S REVIEW

| RECEIVED BY SUPERVISOR (NAME): | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|

Distribution: Original - Return to Inmate/Parolee; Canary - Inmate/Parolee's 2nd Copy; Pink - Staff Members Copy; Goldenrod - Inmate/Parolee's 1st Copy.

**Exhibit  C**

STATE OF CALIFORNIA
**INMATE/PAROLEE REQUEST FOR INTERVIEW, ITEM OR SERVICE**
CDCR 22 (10/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATI

## SECTION A: INMATE/PAROLEE REQUEST

| NAME (Print): (LAST NAME) | (FIRST NAME) | CDC NUMBER: | SIGNATURE: |
|---|---|---|---|
| Smith | Michael | # E 97346 | |

| HOUSING/BED NUMBER: | ASSIGNMENT: | | TOPIC (I.E. MAIL, CONDITION OF CONFINEMENT/PAROLE, ET/ |
|---|---|---|---|
| MCSP C15/227 | | HOURS FROM_____ TO_____ | |

CLEARLY STATE THE SERVICE OR ITEM REQUESTED OR REASON FOR INTERVIEW:
On multiple occasions you've made attempts to remove the falsified 128 that CCIII B. Gibney forced you to
sign. I was informed that he forced you to sign it under duress by stating: If you did not sign it that I
would walk you off the grounds and made a statement that it would screw me over in my Board Hearing last
He acknowledging the damages it would of caused. I ask that you document on this CDCR 22 the facts of wha
occurred and why and who was behind it and that you made multiple attempts to have the 128 in question re
from my Central file, but yet recieved Administrations resistance.
Note: The 128 in question was dated 6/13/2018 that you signed.                    Thank you,

METHOD OF DELIVERY (CHECK APPROPRIATE BOX ) **NO RECEIPT WILL BE PROVIDED IF REQUEST IS MAILED **
☐ SENT THROUGH MAIL: ADDRESSED TO: C B T Facilitator Lisa Alexander _____ DATE MAILED: 6 /24 /
☒ DELIVERED TO STAFF (STAFF TO COMPLETE BOX BELOW AND GIVE GOLDENROD COPY TO INMATE/PAROLEE):

| RECEIVED BY: PRINT STAFF NAME: | DATE: | SIGNATURE: | FORWARDED TO ANOTHER STAFF? |
|---|---|---|---|
| C/O 14PC | 6/22/19 | C/O 14PW | (CIRCLE ONE) YES NO |

| IF FORWARDED – TO WHOM: | DATE DELIVERED/MAILED: | METHOD OF DELIVERY: |
|---|---|---|
| Health Right 360 /C B T  Lisa Alexander | June 24, 2019 | (CIRCLE ONE)  IN PERSON  U.S. |

### SECTION B: STAFF RESPONSE

| RESPONDING STAFF NAME: | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|
| Lisa Alexander | 6-28-19 | Lisa Alexander | |

I have attempted several times to have the 128 removed
I didn't want to write it and I was threatened with my job
to sign it or be walked off the grounds.

### SECTION C: REQUEST FOR SUPERVISOR REVIEW
PROVIDE REASON WHY YOU DISAGREE WITH STAFF RESPONSE AND FORWARD TO RESPONDENT'S SUPERVISOR IN PERSON OR BY US MAIL. KEEP FINAL CANAR
COPY.

| SIGNATURE: | DATE SUBMITTED: |
|---|---|
| | |

### SECTION D: SUPERVISOR'S REVIEW

| RECEIVED BY SUPERVISOR (NAME): | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|
| | | | |

Exhibit  D

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
OFFICE OF APPEALS
P. O. BOX 942883
SACRAMENTO, CA  94283-0001

# THIRD LEVEL APPEAL DECISION

Date:   JAN **3 1** 2019

In re:   Michael Smith, E97346
Mule Creek State Prison
P.O. Box 409099
Ione, CA  95640

TLR Case No.: 1814184          Local Log No.: MCSP-18-02733

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner K. J. Allen. All submitted documentation and supporting arguments of the parties have been considered.

**I   APPELLANT'S ARGUMENT:** It is the appellant's position that information has been inappropriately documented about him by staff at Mule Creek State Prison (MCSP). The appellant states that when he was reviewing his Electronic Records Management System (ERMS) file on June 26, 2018, he discovered a CDCR Form 128-B, General Chrono had been placed in his file that he was never informed of or provided a copy of as required.

The appellant asserts that Ms. Alexander was instructed to author the general chrono in an effort to "screw" him over before his upcoming hearing before the Board of Parole Hearings. He adds that this is not the first time Correctional Counselor III Gibney has orchestrated such unprofessional behavior. The appellant submits this appeal so that an investigation can be conducted into his appeal claim. He requests on appeal that the chrono be removed from his ERMS file after the investigation.

**II   SECOND LEVEL'S DECISION:** The reviewer found that an appeal inquiry was conducted into the appellant's complaint pursuant to departmental policy. The inquiry revealed that the appellant did not provide any compelling evidence supporting his appeal claim. The appeal matter was reviewed by the institutional hiring authority in accordance with departmental policy. A determination was made that the appeal did not warrant processing as a staff complaint matter.

It was determined that the authored CDCR Form 128-B was determined to be factual as it relates to the matter documented and to the fact that the matter created a safety and security concern within the institution. The information documented the appellant's behavior as perceived by the author. The reviewer noted that the use of the general chrono was done in accordance with departmental rules and regulations. Ms. Alexander was appropriately using the CDCR Form 128-B for its intended purpose as she was communicating information that will assist other CDCR staff members, and there was no indication within the appellant's ERMS file that Ms. Alexander requested that the chrono be removed. Based upon the conducted inquiry, the appeal was denied at the Second Level of Review.

**III   THIRD LEVEL DECISION:** Appeal is denied.

**A. FINDINGS:** Following analysis of the submitted documentation, the Appeals Examiner has determined that the appellant's allegations have been reviewed and properly evaluated by administrative staff at MCSP. An appeal inquiry was conducted by appropriate staff, and the appeal was reviewed by the institution's Warden. Despite the appellant's dissatisfaction, this review finds no evidence of a violation of existing policy or regulation by the institution based upon the arguments and evidence presented.

The appellant has not provided a compelling argument to justify his request. The CDCR Form 128-B accurately provides information about the appellant, and the document was appropriately authored by staff.

MICHAEL SMITH, E97346
CASE NO. 1814184
PAGE 2

A general informative chrono is the proper document to report such information as an inmate's behavior, general attitude, and personality that does not merit the issuance of a CDCR Form 128-A, Custodial Counseling Chrono. A copy of this appeal will be retained by the institution to properly identify the appellant's concerns.

As the appellant was informed, a general chrono is not a form of discipline as it is used for informational purposes only. The appellant has not provided sufficient evidence that would suggest that any documented information is inaccurate or inappropriate, nor has he supplied any new or compelling information that would warrant a modification of the decision reached by the institution. Relief at the Third Level of Review in this matter is unwarranted.

**B. BASIS FOR THE DECISION:**
California Code of Regulations, Title 15, Section: 3001, 3084.1, 3084.9, 3270, 3271, 3370, 3380
CDCR Operations Manual, Section: 72010.7.2

**C. ORDER:** No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.


K. J. ALLEN, Appeals Examiner
Office of Appeals

cc:    Warden, MCSP
       Appeals Coordinator, MCSP

M. VOONG, Chief
Office of Appeals

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 08/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1



1814184

E97346

**IAB USE ONLY**



You ~~may appear any~~ ___ns and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available.  See California Code of Regulations, Title 15, Section (CCR) 3084.1.  You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that lead to the filing of this appeal.  If additional space is needed, _only_ one CDCR Form 602-A will be accepted.  Refer to CCR 3084 for further guidance with the appeal process.  No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.              WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| Smith Michael | #E97346 | C15-227 | office service |

**State briefly the subject of your appeal** (Example: damaged TV, job removal, etc.):

falsified 128 and the content of it and ordered to file such

REC BY OOA

**A. Explain your issue** (If you need more space, use Section A of the CDCR 602-A): I file this as a
832.5 staff complaint based on the following:On 6/26/18 I went
to confirm if several support letters were placed into my C
file,inwhich is when I discovered that a 128 has been placed

SEP 27 2018

**B. Action requested** (If you need more space, use Section B of the CDCR 602-A): if the 128 hasn't
been removed by the time this staff complaint proceed for-
word,I request to have it removed from my C-file after the
matter gets confirmed with the CCI,Sgt,and her supervisor

**Supporting Documents: Refer to CCR 3084.3.**
☑ Yes, I have attached supporting documents.

List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):

128. _____     _____

_____     _____

☐ No, I have not attached any supporting documents.  Reason : _____

_____

Inmate/Parolee Signature: _____     Date Submitted: 6/28/18

☑ N/c   **By placing my initials in this box, I waive my right to receive an interview.**

**C. First Level - Staff Use Only**          **Staff – Check One:  Is CDCR 602-A Attached?**  ☑ Yes  ☐ No

This appeal has been:
☐ Bypassed at the First Level of Review.  Go to Section E.
☐ Rejected (See attached letter for instruction)  Date: _____   Date: _____   Date: _____
☐ Cancelled (See attached letter)  Date: _____
☑ Accepted at the First Level of Review.
   Assigned to: AW/FAC B TE D TE (Gibney)     Title: AW     Date Assigned: 7-9-18   Date Due: 81018

First Level Responder:  Complete a First Level response.  Include Interviewer's name, title, interview date, location, and complete the section below.
            Date of Interview: 7/24/18         Interview Location: FAC C L4 OFFICE

Your appeal issue is:  ☐ Granted  ☐ Granted in Part  ☐ Denied  ☐ Other: _____
            See attached letter.  If dissatisfied with First Level response, complete Section D.

Interviewer: B. GIBNEY          Title: CC III   Signature: _____     Date completed: _____

Reviewer: D. HUSE?           Title: AW     Signature: _____

Date received by AC: _____

**AC Use Only**
Date mailed/delivered to appellant __03/18

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 08/09)                                                                                    Side 2

**D. If you are dissatisfied with the First Level response,** explain the reason below, attach supporting documents and submit to the Appeals Coordinator for processing within 30 calendar days of receipt of response.  If you need more space, use Section D of the CDCR 602-A. The person that
I filed this complaint about, was afforded the opportunity to answer the 1st.
level response here CCIII. Gibney."Not"no B. Stacy nor no D. Huser was present.
And...I did provide other relevant information per this issue,"being a signed
CDCR 22"by CCI. B. Layman stating that L.Alexander personally spoke to him and
Sgt. Campbell and want to have the 128 removed being that she was forced to

Inmate/Parolee Signature: _Michael A. Small_                    Date Submitted : 8/6/18

**E. Second Level - Staff Use Only**                          Staff – Check One: Is CDCR 602-A Attached? ☒ Yes  ☐ No

This appeal has been:
☐ By-passed at Second Level of Review.  Go to Section G.
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter)
☒ Accepted at the Second Level of Review
Assigned to: __M. Johnston__  Title: __CcII__  Date Assigned: __8-9-18__  Date Due: __9-21-18__

Second Level Responder:  Complete a Second Level response.  If an interview at the Second Level is necessary, include interviewer's name and title, interview date and location, and complete the section below.
Date of Interview: __See Section C__                        Interview Location: _____

Your appeal issue is: ☐ Granted   ☐ Granted in Part   ☒ Denied   ☐ Other
See attached letter. If dissatisfied with Second Level response, complete Section F below.

Interviewer: __See Section C__  Title: _____  Signature: _____  Date completed __8/24/18__
(Print Name)

Reviewer: __Holmes__  Title: __CDW__  Signature: __B. Holmes__
(Print Name)

Date received by AC: _____

AC Use Only
Date mailed/delivered to appellant __9/19/18__

**F. If you are dissatisfied with the Second Level response,** explain reason below; attach supporting documents and submit by mail for Third Level Review.  It must be received within 30 calendar days of receipt of prior response. Mail to: Chief, Inmate Appeals Branch, Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, CA 94283-0001. If you need more space, use Section F of the CDCR 602-A.
The Appeal Process is corrupt and go above and beyond to cover-up wrong'doing
by thier personel.(1)level was reviewed by the person the complaint was filed
on for forcing the lady "Lisa Alexander"to sign the 128 that he wrote for her
to submit.(2)level reviewed by a CCII(A) quoted a DOM percedure 72010.13.1. in
which is and do not pertain to the 128 in question that I speak on.

Inmate/Parolee Signature: _Michael A. Small_                    Date Submitted: 9/21/18

**G. Third Level - Staff Use Only**
This appeal has been:
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter)  Date: _____
☒ Accepted at the Third Level of Review.  Your appeal issue is ☐ Granted  ☐ Granted in Part  ☒ Denied  ☐ Other: _____
See attached Third Level response.

Third Level Use Only
Date mailed/delivered to appellant FEB 14 2019

**Request to Withdraw Appeal:**  I request that this appeal be withdrawn from further review because; State reason. (If withdrawal is conditional, list conditions.)

_____

_____

_____

_____ Inmate/Parolee Signature: _____  Date:_____

Print Staff Name: _____  Title: _____  Signature: _____  Date:_____

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A (08/09)

Side 1

**IAB USE ONLY**

/ 814/84

| Institution/Parole Region: | Log #: | Category: |
|---|---|---|
| MCSP-C-18- 02733 | | 6 |

**FOR STAFF USE ONLY**

Attach this form to the CDCR 602, only if more space is needed. Only one CDCR 602-A may be used.

Appeal is subject to rejection if one row of text per line is exceeded.      WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| Smith Michael | #E97346 | C15-227 | office service |

**A.  Continuation of CDCR 602, Section A only (Explain your issue):** into my c-file by: Lisa
Alexander on 6/13/18.(1)I was never notified of such(2)I was
never provided a copy of it(3)it was falsified in content.I
spoke with several staff encluding the Sgt.(Campbell) the CCI
(Layman),and her supervisor about this who spoke with her and
was told that she was submitting a memo to get it removed from
my c-file.I later discovered that she was forced to write the
128 by: CCIII.Gibney and words being to screw me over in BPH
acknowledging that I have a Board date coming up.(1)these sort
of ethics is so unprofessional by the same man whom is assign
to be responsible for re-entry programs.This CCIII has a hist.
of such with several inmates and the record can reflect.So I
submit this staff complaint requesting a full investigation
regarding these sort of forced ethics to damage inmates and
thier positive programs.

And...For the record,I recieved a copy of the 128 from the
Sgt.(Sgt.Campbell)once they discovered that I had no know-
of it or it being in my c-file.(inwhich goes against procedure)

REC BY OOA
SEP 27 2018
ONLY

STAFF USE ONLY 10:6 AM NOV 28 2018

Inmate/Parolee Signature: _[signature]_    Date Submitted:
6/28/18

**B.  Continuation of CDCR 602, Section B only (Action requested):** that she wanted to get it out of my C-file,
and she was forced to write it by CCIII.Gibney with malace intent to cause harm
and damage my upcoming "BPH"possibilities.Due to Gibney being a CCIII,it require
for someone higher than to investigate into this matter and the sort of ethics
by this CCIII.   ///

Inmate/Parolee Signature: _[signature]_    Date Submitted: 6/28/18

STATE OF CALIFORNIA
INMATE/PAROLEE APPEAL FORM ATTACHMENT
CDCR 602-A (08/09)
DEPARTMENT OF CORRECTIONS AND REHABILITATION
Side 2

Case 2:19-cv-00492-EFB   Document 18   Filed 12/26/19   Page 19 of 30

**D. Continuation of CDCR 602, Section D only (Dissatisfied with First Level response):** sign the 128 by the same CCIII. who reviewed the first level responce.(see attached evidence as record). I am totally dissatisfied with the first level responce being that he was Bias and against him.Why was he allowed by the Appeals office to review his own complaint as I find such as unethical and unheard of practice.Note: If need be, I am ready to pursue this matter to the courts.-At this time, my only request is to have the 128 removed from the record, and further I will be seeking punitive and actual damages if I'm forced to pursue this matter further.-Clearly a violation occurred by the CCIII. by foreing L.Alexander to falsify the 128 in question, to falsify a record: Penal code 224. 4 | USCA S 1506.2071. 2073. It's clear that he and his constituents has made a attempt to cover up his wrong doing here by allowing him to respond to his own complaint. Again..(1). If I wouldn't have went into the counselors office to check to see if my support letters was placed in my C-file, I would have known about this fabercated 128 as I've never recieved a copy.- This caught me by surprise to see this.(2).Once I seen this, I brought the issue to surface and the Sgt. gave me a copy and acknowledged that it was wrong.I immediately filed this 602 and this is when I begun to learn that the CCIII. forced L.Alexander to write it, inwhich he wrote it and had her sign it. So, how was this same CCIII able to conduct the first level responce ? There is no way that he would render a decision against his'self.

Inmate/Parolee Signature: _[signature]_    Date Submitted: 9/6/18

**F. Continuation of CDCR 602, Section F only (Dissatisfied with Second Level response):** It should be noted that the lady "Lisa Alexander"-CBT instructor filed a complaint against CCIII Gibney for forcing her to sign the 128 and stating if she didn't, that he would walk her off the grounds placing her under duress to sign it.She later felt bad by it and reached out to CCI.Layman about wanting to get it removed. However, the CCIII. told her supervisor "Margot" of HealthRight 360 that it can't be removed and it was to everybody's best interest to leave it in there, and that he wanted to screw me over in my upcoming BPH Hearing.I ask that the third level conduct an investigation into this matter by consulting with "Lisa Alexander"personally as she filed a personel complaint on the CCIII behind this matter. So why was he allowed to review the first level on this 602 matter? My only request is to have the 128 removed from my C-file as the actual Aurthor signed out of force by the CCIII and has  filed a complaint behind it on the CCIII. Gibney... Or I am taking this matter to court.It should be also noted: That this CCIII Gibney has a Civil matter pending presently by another inmate for the same thing.

Inmate/Parolee Signature: _[signature]_    Date Submitted: 9/21/2018

# Memorandum

Date  :       August 24, 2018

To  :         SMITH, E97346
              Mule Creek State Prison

Subject:      **SECOND LEVEL APPEAL RESPONSE**
              **LOG NO.: MCSP-C-18-02733**

ISSUE:  The appellant submits this appeal relative to a CDC 128-B General Chrono he discovered in his Electronic Records Management System (ERMS) file.  The appellant claims he was never provided a copy of the CDC 128-B dated 6/13/2018, authored by Re-Entry Facilitator L. Alexander and also claims this information was falsified.  The appellant claims he heard L. Alexander was going to submit a memorandum to have the CDC 128-B removed from his file.  The appellant claims he later discovered Correctional Counselor III (CCIII) B. Gibney forced L. Alexander to author the CDC 128-B in an attempt to interfere with his upcoming date with the Board of Prison Hearings (BPH).

The appellant is requesting for the removal of the CDC 128-B.

A determination was made by the Warden and the appellant's appeal issue did not meet the criteria for processing as a Staff Compliant Issue and ordered the appeal to be processed as a routine appeal.  The appeal was appropriately screened and processed as a Case Information/Records issue and addressed at the First Level of Review.

INTERVIEWED BY:   The appellant was interviewed at the First Level of Review by Correctional Counselor III B. Gibney.

REGULATIONS:  The rules governing this issue are:

CCR 3001           **Subject to Regulations**
CCR 3084.1         **Right to Appeal**
CCR 3084.7         **Levels of Appeal Review and Disposition**
DOM 72010.13.1     **General Purge/Retention Guidelines**

The appellant was interviewed concerning the issues noted in the appeal at the First Level of Review (FLR) on 07/24/2017.  The FLR denied the appellant's request to have the CDC 128-B removed from his file.  The FLR noted the information contained in the CDC 128-B is accurate and non-punitive which merely documents the appellant's behavior as perceived by the author.

In Section D, the appellant indicates he is dissatisfied with the FLR.  The appellant states he feels it is inappropriate for CCIII B. Gibney to address the FLR since he was the subject of the appeal. The appellant maintains his claims of L. Alexander's desire to author an additional document to have the CDC 128-B removed.

It is noted on 8/24/2018, a review of the Disability and Effective Communication (DEC) system reveals the appellant is not a participant in the Mental Health Services Delivery System (MHSDS) at any level of care. Additionally, the appellant has a documented Test of Adult Basic Education (TABE) score of 12.9.

Review of the appeal at the Second Level of Review (SLR) finds the appellant has failed to support his appeal issue with sufficient facts or evidence to grant relief.

The appellant is advised, the CDC-128B is a General Chrono and informational only. It is not outside the scope of authority for staff to author a CDC 128-B General Chrono, and documenting observed behavior is within policy and procedure.

Department Operations Manual (DOM), Section 72010.13.1, General Purge/Retention Guidelines states, *"No material shall be removed from the C-File which affects the facility security or the health and safety of inmates or others. If material does affect either, the specified retention schedule for that item is waived and the item shall be retained in the file."*

The SLR notes the appellant's claims of L. Alexander's intention to author an additional document ordering the removal of the CDC 128-B. The SLR notes this action is at the discretion of the author and as of the date of this review, there does not appear to be any information noted in the appellant's file of L. Alexander requesting to have the CDC 128-B removed.

The SLR also notes the appellant is displeased with CCIII B. Gibney responding to the FLR of the appeal. The SLR notes California Code of Regulations (CCR), Title 15, Section 3084.7 which outlines the policy pertaining to the appellant's allegations.

*"(1) Appeal responses shall not be reviewed and approved by a staff person who:*

*(A) Participated in the event or decision being appealed. This does not preclude the involvement of staff who may have participated in the event or decision being appealed, so long as their involvement with the appeal response is necessary in order to determine the facts or to provide administrative remedy, and the staff person is not the reviewing authority and/or their involvement in the process will not compromise the integrity or outcome of the process."*

DECISION: The appeal is denied.

The appellant is advised that this issue may be submitted to the Third Level of Review if desired.

*B. Helmer*

JOE A. LIZARRAGA
Warden
Mule Creek State Prison

Attachments

cc: Central File
    Appeals

# MULE CREEK STATE PRISON
# INMATE APPEAL (CDC 602) RESPONSE

**DATE:**                                 **August 1, 2018**

**INMATE'S NAME:**                 **SMITH**

**INMATE'S NUMBER:**            **E97346**

**SUBJECT:**                           **INFORMATIONAL 128B**

**APPEAL LOG #:**                   **MCSP-C-18-02733**

**APPEAL DECISION:**             **DENIED**


**ISSUE**: The appellant is requesting to have a 128B removed from his Electronic Records Management System (ERMS).

**INTERVIEW:** On July 24, 2018, a face-to-face interview was conducted with the appellant at the First Level of Review (FLR), by B. Gibney, Correctional Counselor III pursuant to California Code of Regulations (CCR) 3084.7(e). The interview was conducted on Facility C, in the Correctional Lieutenant's Office.   Prior to the interview, a review of the Disability and Effective Communication System (DECS) on July 24, 2018 indicated that the appellant did not require reasonable accommodation for the purposes of effective communication. The appellant's Strategic Offender Management System (SOMS) and Electronic Records Management System (ERMS) records were also reviewed and revealed the appellant is not a participant in the Mental Health Services Delivery System. The appellant stated he was in good health and disagreed with me answering the appeal.  The appellant stated he filed a Staff Complaint against me and therefore I shouldn't be allowed to answer the appeal.   The appellant was informed that the Warden has determined the appeal does not meet the criteria for processing as a Staff Complaint issue and has ordered this appeal to be processed as a routine appeal pursuant to CCR 3084.5. The appellant confirmed he submitted the appeal and reiterated his appeal issues.


The appellant stated he wanted the Informational 128B, dated June 13, 2018 authored by L. Alexander, Re-Entry Facilitator, to be removed from his ERMS file. The appellant alleges the 128B was falsified and a lie.  During the interview the appellant stated he did ask for his hours of attendance, however he did not become irate. Appellant provided no other relevant information. This concluded the interview. Effective communication was established by speaking slow and clear English and having the appellant reiterate what was discussed at the interview.

3

Inmate: SMITH E97346
Appeal: MCSP-C-18-02733
Page 2

**REGULATIONS:** The rules governing this issue are the CCR, Title 15, Section 3005 (b).

**FINDINGS:** The appellant's request to have an Informational 128B removed is denied. The Informational 128B is considered accurate and non-punitive. The Informational 128B only documents the behavior of the appellant as perceived by the author.

**DECISION:** The appeal is **DENIED** at the First Level of Review. The appellant is advised this issue may be submitted to the Second Level of Review if desired.


B. GIBNEY
Correctional Counselor III

B. STACY
Captain, Facility C

D. HUSER
Associate Warden
Mule Creek Infill Complex

Attachment

cc: C-File
    Appeals

*4*

State of California

**NAME and NUMBER:   SMITH, E97346**

Department of Corrections
CDC-128-B (REV. 4/74)

On Friday, June 8, 2018, at approximately 0745 and 0830 hours inmate SMITH, CDCR#E97346 questioned me in regards to how many hours  he had attended Family Relations.  I informed SMITH I did not know or track his hours in Family Relations. SMITH continued to pester me about his hours of attendance until I finally had to ask him to stop and sit down.  SMITH'S outburst disrupted the class I was teaching.   SMITH eventually sat down and refused to participate in the class for the remainder of day.   SMITH also stated he was going to 602 me, contact his lawyer and try to get me fired.

It is noted, this is not the first time SMITH has questioned me in regards of his hours of attendance.  However, it is the first time SMITH has become irate, to the point of disrupting class and forcing me to give him direction to sit down and not ask me another question about his hours of attendance.

LISA ALEXANDER
CBT Facilitator

Dist:  C-File
       CC1
       Inmate
       Writer
       Mental Health
DATE   6/13/2018                              **MCSP**                              **GENERAL CHRONO**

5.

Exhibit  E

**DIVISION OF ADULT INSTITUTIONS**
MULE CREEK STATE PRISON

4001 Highway 104
P.O. Box 409099
Ione, CA 95640



October 31, 2018

M. Smith (E97346)
C 15-227L

Inmate Smith:

This correspondence is in response to your letter dated October 3, 2018.  Specifically, in your letter you request an investigation by the Office of Internal Affairs (OIA) be conducted regarding the misconduct of staff at Mule Creek State Prison (MCSP).  You allege Correctional Counselor III Gibney forced your instructor to place a falsified CDCR 128B in your Central File.

Based on you concerns, a review of this matter has been conducted.  All claims of staff misconduct at MCSP are taken very seriously; however, it should be noted, all staff personnel matters are confidential in nature.  The details of any inquiry will not be shared with staff, members of the public or offenders; therefore, the finding will not be released to you.

I encourage you to utilize the CDCR-602 Inmate Appeal process to address any future concerns you may have.  Appropriate staff will address any other credible allegations. In the event it is determined your allegations are credible, know they will be taken seriously and acted upon in a timely manner.

Should you have any additional questions or concerns, please contact your assigned Correctional Counselor.

JOE A. LIZARRAGA
Warden
Mule Creek State Prison

cc: ERMS File (Smith, E97346)

Exhibit F

**INMATE/PAROLEE REQUEST FOR INTERVIEW, ITEM OR SERVICE**
CDCR 22 (10/09)

## SECTION A: INMATE/PAROLEE REQUEST

| NAME (Print) (LAST NAME) (FIRST NAME) | CDC NUMBER: | SIGNATURE: |
|---|---|---|
| Smith   Michael | #E97346 | *[signature]* |

| HOUSING/BED NUMBER: | ASSIGNMENT: | HOURS FROM 7 TO 2 | TOPIC (I.E. MAIL, CONDITION OF CONFINEMENT/PAROLE, ETC.): |
|---|---|---|---|
| C15 - 227 | Office service | | Log No: MCSP-C-18-02733 |

CLEARLY STATE THE SERVICE OR ITEM REQUESTED OR REASON FOR INTERVIEW:

I have a concern regarding your office. I filed a 832.5 staff complaint, but your office failed to process it as such (due to it being on the CCIII), and the same person I filed my complaint on, interviewed me on it today. 7/23/18. I immediately contacted my family and asked that they inform internal affairs regarding these unethical practices here in MCSP. My question to your office: Why would you allow such tactics to occur ? These practices is being reported to the OIG office... How ethical is it to review your own complaint ?

METHOD OF DELIVERY (CHECK APPROPRIATE BOX) **NO RECEIPT WILL BE PROVIDED IF REQUEST IS MAILED **

☒ SENT THROUGH MAIL: ADDRESSED TO: Appeals Coordinator - MCSP.    DATE MAILED: 7 / 24 /18

☐ DELIVERED TO STAFF (STAFF TO COMPLETE BOX BELOW AND GIVE GOLDENROD COPY TO INMATE/PAROLEE):

| RECEIVED BY: PRINT STAFF NAME: | DATE: | SIGNATURE: | FORWARDED TO ANOTHER STAFF? (CIRCLE ONE) YES / NO |
|---|---|---|---|
| D. Lothrop | 7-24-18 | *[signature]* | |

| IF FORWARDED – TO WHOM: | DATE DELIVERED/MAILED: | METHOD OF DELIVERY (CIRCLE ONE) IN PERSON / BY US MAIL |
|---|---|---|
| M. Johnson, CCII (A) | July 24,2018 | |

## SECTION B: STAFF RESPONSE

| RESPONDING STAFF NAME: | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|
| D Acevedo | 7-26-18 | *[signature]* | 7-30-18 |

The Warden determined your appeal did not meet the criteria for processing as a Staff complaint on 7-3-18. Therefore it was processed as a routine appeal meaning Staff allegations would not be addressed. Per CCR 3084.7(d)(1)(A) the appeal was assigned accordingly.

## SECTION C: REQUEST FOR SUPERVISOR REVIEW

PROVIDE REASON WHY YOU DISAGREE WITH STAFF RESPONSE AND FORWARD TO RESPONDENT'S SUPERVISOR IN PERSON OR BY US MAIL. KEEP FINAL CANARY COPY.

Why wouldn't this complaint be processed as a staff complaint when it involve staff issues ? And... the staff allegations should and require to be addressed within the filed complaint per. the CDCR percedures. I find it to be a serious concern for the staff I filed my complaint on/about  was assigned to review his own complaint being the CCIII. How ethical is that ?

| SIGNATURE: | DATE SUBMITTED: |
|---|---|
| *[signature]* | July 30,2018 |

## SECTION D: SUPERVISOR'S REVIEW

| RECEIVED BY SUPERVISOR (NAME): | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|
| M. Johnston CCII (A) | 7/31/18 | *[signature]* | |

3084.9(I)(1) GIVES THE HIRING AUTHORITY THE DISCRETION TO DETERMINE IF AN APPEAL WILL BE CATEGORIZED AS A STAFF COMPLAINT. AS NOTED ABOVE, THE HIRING AUTHORITY DETERMIND THE APPEAL DID NOT MEET THE CRITERIA & ORDERED THE APPEAL TO BE PROCESSED AS A ROUTINE APPEAL PURSUANT TO CCR 3084.5(b)(4)(A). CCII GIBNEY WAS ASSIGNED THE APPEAL PER 3084.7(d)(1)(A).

**Exhibit  G**

     

'Legendary crime buster': Trump...

Comey wants to help end to 'rump's...

Biles wins vault, ties world gymnastics...

4 dead, 3 injured in shooting at Brooklyn...

Leader of Syrian Kurds to US: 'You are...

Man for s(

●CBS Sacramento

▷ AdChoices

IONE (CBS13) — Mule Creek State Prison warden Joe Lizarraga was "walked off the property" at the prison Monday by FBI agents, California Department of Corrections and Rehabilitation officer Bill Sessa confirmed.



© Provided by CBS Local, a division of CBS Radio Inc

Sessa said Lizarraga is not under arrest but is under an ongoing investigation. He is now on paid leave.

Lizarraga has been the warden at Mule Creek since 2013 and has worked with the state for 20 years.

*This is a developing story.*

*Microsoft may earn an Affiliate Commission if you purchase something through recommended links in this article.*

**TOPICS FOR YOU**

  

Huge Animals Almost Too Big To Be Real...

Mastercard® Black Card™

California Man Makes $2.8M Trading From Home