UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL A. SMITH,

Plaintiff,

v.

J. JANAM, et al.,

Defendants.

No. 2:19-cv-0492-EFB P

ORDER

Plaintiff is a state prisoner proceeding without counsel in this action brought pursuant to 42 U.S.C. § 1983. On November 27, 2019, the court granted his request to proceed in forma pauperis and dismissed his complaint with leave to amend for improper joinder of unrelated claims. ECF No 12. Plaintiff has filed an amended complaint. ECF No. 18.

**I.  Screening**

**A. Legal Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**B. <u>Analysis</u>**

Plaintiff alleges that, on June 13, 2018, defendant Lisa Alexander, a "CBT Facilitator" at his institution of incarceration (Mule Creek State Prison), authored a false and adverse "CDC 128B" concerning him.[1] ECF No. 18 at 3. Plaintiff has appended the form 128B to his

---

[1] A "128B" is a "General Chrono" that "is used to document information about inmates and inmate behavior. Such information may include, but is not limited to, documentation of enemies, records of disciplinary or classification matters, pay reductions or inability to satisfactorily perform a job, refusal to comply with grooming standards, removal from a program, records of parole or social service matters." Cal. Code Regs. tit. 15, § 3000.

complaint. *Id.* at 8.  In it, Alexander wrote that plaintiff had pestered her about how many hours he had attended "Family Relations" even after she told plaintiff that she did not know, and further wrote that plaintiff disrupted her class with his outburst, and required her to ask plaintiff to stop and sit down. *Id.*  Alexander also wrote that plaintiff said he would file an inmate grievance against her, contact his lawyer, and try to get her fired. *Id.*

Plaintiff alleges that Alexander authored the false chrono under threat from defendant Benjamin Gibney, a correctional counselor, that he would fire her if she did not do so. *Id.* at 4. Plaintiff alleges that Alexander tried to retract the chrono, but she was "threatened with termination" and thus could not do so. *Id.* at 3.

Plaintiff challenged the 128B through an inmate appeal. *Id.* at 4.  He alleges that, in violation of due process, Gibney was assigned to review the appeal even though it contained allegations against him. *Id.*  Gibney denied the appeal. *Id.*

Plaintiff wrote to defendant Lizarraga, then warden of Mule Creek, asking that he initiate an investigation into plaintiff's claim that Gibney had forced Alexander to author the allegedly false General Chrono. *Id.* at 5.  Plaintiff alleges that Lizarraga failed to order such an investigation. *Id.*  As a result, the chrono remained in plaintiff's prison file, where it was reviewed by the California Board of Parole Hearings, causing them to deny plaintiff parole. *Id.* at 3-5.

Plaintiff claims that defendants' conduct violated his rights under the Eighth Amendment and the Fourteenth Amendment's Due Process Clause. *Id.* at 3-5.  The claims are not cognizable for the reasons that follow.[2]

Plaintiff's complaint does not contain facts making out a claim under the Eighth Amendment.  The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th

---

[2] Plaintiff also claims that Alexander "falsifi[ed] documents under color of Authority (perjury)" and committed "false imprisonment." *Id.* at 3. These allegations appear to be an attempt to state claims under California law.  Because the court finds no cognizable federal claims have been stated, the court declines to exercise jurisdiction over these supplemental claims at this time. 28 U.S.C. § 1367(c)(3). Should plaintiff attempt cure the deficiencies in one or more of his federal claims in an amended complaint, he may include these state claims as well.

1    Cir. 2006). Extreme deprivations are required to make out a conditions-of-confinement claim,
2    and only those deprivations denying the minimal civilized measure of life's necessities are
3    sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*,
4    503 U.S. 1, 9 (1992). "Prison officials have a duty to ensure that prisoners are provided adequate
5    shelter, food, clothing, sanitation, medical care, and personal safety." *Johnson v. Lewis*, 217 F.3d
6    726, 731-32 (9th Cir. 2000) (quotations and citations omitted). Even crediting all of plaintiff's
7    allegations, he states no facts showing that he was denied the minimal civilized measure of life's
8    necessities or subjected to inhumane punishment.

9         Plaintiff's claim that he was deprived of due process when Gibney reviewed his grievance
10   also fails. While California Code of Regulations, title 15, § 3084.7(d)(1)(A) provides that appeals
11   should not generally be reviewed by a staff person involved in the action being appealed, the
12   violation of a state regulation does not, on its own, give rise liability under § 1983. *Moreland v.*
13   *Las Vegas Metro. Police Dep't*, 159 F.3d 365, 371 (9th Cir. 1998). Moreover, as courts in this
14   circuit have routinely noted, there is "no general constitutional right to an adequate or fair
15   grievance system." *Graham v. Baughman*, No. 1:03-cv-06353-AWI-GSA-PC, 2010 U.S. Dist.
16   LEXIS 44253, at *28-29 (E.D. Cal. May 6, 2010); *see also Mann v. Adams*, 855 F.2d 639, 640
17   (9th Cir. 1988); *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001); *Sylvester v. Alameido*, No.
18   2:10-cv-2380 KJN, 2012 U.S. Dist. LEXIS 130345, at *44-46 (E.D. Cal. Sep. 11, 2012)
19   (collecting cases).

20        Lastly, plaintiff's claims that defendants' actions (or failures to act) caused the false
21   chrono to remain in his file (and, consequently, the parole board to deny him parole) do not state
22   a claim for denial of due process. The filing of false disciplinary charges against a prisoner does
23   not, by itself, violate the Constitution. *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986)
24   ("The prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly
25   accused of conduct which may result in the deprivation of a protected liberty interest."); *Leon v.*
26   *Vasquez*, No. 1:11-cv-00601-LJO-GBC (PC), 2011 U.S. Dist. LEXIS 106083, at *4-5 (E.D. Cal.
27   Sep. 16, 2011) ("[A]s long as a prisoner receives proper procedural due process, a claim based on
28   the falsity of disciplinary charges, standing alone, does not state a constitutional claim.").

1 Moreover, the allegedly false chrono at issue in this case did not even rise to the level of a
2 disciplinary charge and carried no disciplinary consequences.  Accordingly, the procedural
3 requirements of *Wolff v. McDonnell* did not apply.  418 U.S. 539, 563-66 (1974) (holding that
4 prisoners subjected to discipline that implicates an interest protected by the Due Process Clause
5 must be provided notice, a written statement of evidence and reasons, and a conditional
6 opportunity to present witnesses and evidence).

7 In order to determine what, if any, process was due to plaintiff with regard to the
8 placement and retention of the chrono in his prison file, the court looks to *Sandin v. Conner*, 515
9 U.S. 472 (1995).  There, the Supreme Court noted that "[t]he Due Process Clause standing alone
10 confers [to inmates] no liberty interest in freedom from state action taken within the sentence
11 imposed." *Id.* at 480.  States may create liberty interests that are protected by the Due Process
12 Clause, "[b]ut these interests will be generally limited to freedom from restraint which, while not
13 exceeding the sentence in such an unexpected manner as to give rise to protection by the Due
14 Process Clause of its own force, nonetheless imposes atypical and significant hardship on the
15 inmate in relation to the ordinary incidents of prison life." *Id.* at 483-84 (internal citations
16 omitted).

17 The only hardship plaintiff identifies from the inclusion of the chrono in his file is its
18 impact on the parole board.  This potential hardship was not atypical and significant, however;
19 instead, chronos documenting inmate interactions with staff are commonplace. *Perrotte v.*
20 *Salazar*, No. ED CV 08-00123-JHN (VBK), 2011 U.S. Dist. LEXIS 72555, at *24-25 (C.D. Cal.
21 Mar. 28, 2011) (informational chronos were "commonplace in prisoner files" and thus did not
22 present an atypical and significant hardship).  *See Sandin*, 515 U.S. at 485 ("Discipline by prison
23 officials in response to a wide range of misconduct falls within the expected parameters of the
24 sentence imposed by a court of law.").

25 In fact, the Court in *Sandin* explicitly rejected an inmate's due process claim that a record
26 of misconduct in his file would impact his parole chances, because the parole decision rested "on
27 a myriad of considerations" and the inmate was entitled to procedural protections at the parole
28 hearing to discuss the misconduct record.  *Id.* at 487.  The same is true here.  "As in *Sandin*,

1 nothing in California's Code requires the Parole Board to deny parole when presented with
2 unfavorable . . . informational chronos or to grant parole in the absence of such documents."
3 *Perrotte*, 2011 U.S. Dist. LEXIS 72555, at *25-26.  And California law provides inmates the
4 right "to ask and answer questions, and to speak on his or her own behalf" at parole board
5 hearings.  Cal. Pen. Code § 3041.5(a)(2).

As the complaint does not state facts showing plaintiff's entitlement to, and defendants' denial of, procedural protections surrounding the placement of the general chrono in his file, nor does it state facts showing that the inclusion of the chrono was inhumane, plaintiff's claims under the Eighth and Fourteenth Amendments fail.

**C. Leave to Amend**

In light of plaintiff's *pro se* status the court will grant him one final opportunity to amend his complaint and attempt to state a cognizable federal claim.

Plaintiff is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).  Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy."  *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims.  *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220.  This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

6

being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements.  Fed. R. Civ. P. 8(a).  Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims.  He should also take pains to ensure that his amended complaint is as legible as possible.  This refers not only to penmanship, but also spacing and organization.  Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges.  A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

## II.     Order

Accordingly, it is ORDERED that plaintiff's December 26, 2019 amended complaint (ECF No. 18) is dismissed with leave to amend.  Plaintiff may file a second amended complaint within 30 days from the date of service of this order.  Failure to comply with this order may result in a recommendation that this action be dismissed for failure to state a claim and/or failure to prosecute.

DATED: April 15, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

7