UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A. SMITH, | No. 2:19-cv-0492-EFB P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| J. JANAM, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983. After two dismissals by the court, plaintiff has filed a second amended complaint, which the court must screen. ECF Nos. 12, 21, 24. Congress mandates that district courts engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

The court analyzed plaintiff's first amended complaint pursuant to § 1915A as follows:

> Plaintiff alleges that, on June 13, 2018, defendant Lisa Alexander, a "CBT Facilitator" at his institution of incarceration (Mule Creek State Prison), authored a false and adverse "CDC 128B" concerning him.[1] ECF No. 18 at 3. Plaintiff has

---

[1] A "128B" is a "General Chrono" that "is used to document information about inmates and inmate behavior. Such information may include, but is not limited to, documentation of

1

appended the form 128B to his complaint. *Id.* at 8.  In it, Alexander wrote that plaintiff had pestered her about how many hours he had attended "Family Relations" even after she told plaintiff that she did not know, and further wrote that plaintiff disrupted her class with his outburst, and required her to ask plaintiff to stop and sit down. *Id.*  Alexander also wrote that plaintiff said he would file an inmate grievance against her, contact his lawyer, and try to get her fired. *Id.*

Plaintiff alleges that Alexander authored the false chrono under threat from defendant Benjamin Gibney, a correctional counselor, that he would fire her if she did not do so. *Id.* at 4.  Plaintiff alleges that Alexander tried to retract the chrono, but she was "threatened with termination" and thus could not do so. *Id.* at 3.

Plaintiff challenged the 128B through an inmate appeal. *Id.* at 4.  He alleges that, in violation of due process, Gibney was assigned to review the appeal even though it contained allegations against him. *Id.*  Gibney denied the appeal. *Id.*

Plaintiff wrote to defendant Lizarraga, then warden of Mule Creek, asking that he initiate an investigation into plaintiff's claim that Gibney had forced Alexander to author the allegedly false General Chrono. *Id.* at 5.  Plaintiff alleges that Lizarraga failed to order such an investigation. *Id.*  As a result, the chrono remained in plaintiff's prison file, where it was reviewed by the California Board of Parole Hearings, causing them to deny plaintiff parole. *Id.* at 3-5.

Plaintiff claims that defendants' conduct violated his rights under the Eighth Amendment and the Fourteenth Amendment's Due Process Clause. *Id.* at 3-5.  The claims are not cognizable for the reasons that follow.[2]

Plaintiff's complaint does not contain facts making out a claim under the Eighth Amendment.  The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006).  Extreme deprivations are required to make out a conditions-of-confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).  "Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care,

---

enemies, records of disciplinary or classification matters, pay reductions or inability to satisfactorily perform a job, refusal to comply with grooming standards, removal from a program, records of parole or social service matters." Cal. Code Regs. tit. 15, § 3000.

[2] Plaintiff also claims that Alexander "falsifi[ed] documents under color of Authority (perjury)" and committed "false imprisonment." *Id.* at 3.  These allegations appear to be an attempt to state claims under California law.  Because the court finds no cognizable federal claims have been stated, the court declines to exercise jurisdiction over these supplemental claims at this time. 28 U.S.C. § 1367(c)(3).  Should plaintiff attempt cure the deficiencies in one or more of his federal claims in an amended complaint, he may include these state claims as well.

2

and personal safety." *Johnson v. Lewis*, 217 F.3d 726, 731-32 (9th Cir. 2000) (quotations and citations omitted). Even crediting all of plaintiff's allegations, he states no facts showing that he was denied the minimal civilized measure of life's necessities or subjected to inhumane punishment.

Plaintiff's claim that he was deprived of due process when Gibney reviewed his grievance also fails. While California Code of Regulations, title 15, § 3084.7(d)(1)(A) provides that appeals should not generally be reviewed by a staff person involved in the action being appealed, the violation of a state regulation does not, on its own, give rise liability under § 1983. *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 371 (9th Cir. 1998). Moreover, as courts in this circuit have routinely noted, there is "no general constitutional right to an adequate or fair grievance system." *Graham v. Baughman*, No. 1:03-cv-06353-AWI-GSA-PC, 2010 U.S. Dist. LEXIS 44253, at *28-29 (E.D. Cal. May 6, 2010); *see also Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001); *Sylvester v. Alameido*, No. 2:10-cv-2380 KJN, 2012 U.S. Dist. LEXIS 130345, at *44-46 (E.D. Cal. Sep. 11, 2012) (collecting cases).

Lastly, plaintiff's claims that defendants' actions (or failures to act) caused the false chrono to remain in his file (and, consequently, the parole board to deny him parole) do not state a claim for denial of due process. The filing of false disciplinary charges against a prisoner does not, by itself, violate the Constitution. *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986) ("The prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest."); *Leon v. Vasquez*, No. 1:11-cv-00601-LJO-GBC (PC), 2011 U.S. Dist. LEXIS 106083, at *4-5 (E.D. Cal. Sep. 16, 2011) ("[A]s long as a prisoner receives proper procedural due process, a claim based on the falsity of disciplinary charges, standing alone, does not state a constitutional claim."). Moreover, the allegedly false chrono at issue in this case did not even rise to the level of a disciplinary charge and carried no disciplinary consequences. Accordingly, the procedural requirements of *Wolff v. McDonnell* did not apply. 418 U.S. 539, 563-66 (1974) (holding that prisoners subjected to discipline that implicates an interest protected by the Due Process Clause must be provided notice, a written statement of evidence and reasons, and a conditional opportunity to present witnesses and evidence).

In order to determine what, if any, process was due to plaintiff with regard to the placement and retention of the chrono in his prison file, the court looks to *Sandin v. Conner*, 515 U.S. 472 (1995). There, the Supreme Court noted that "[t]he Due Process Clause standing alone confers [to inmates] no liberty interest in freedom from state action taken within the sentence imposed." *Id.* at 480. States may create liberty interests that are protected by the Due Process Clause, "[b]ut these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 483-84 (internal citations omitted).

3

> The only hardship plaintiff identifies from the inclusion of the chrono in his file is its impact on the parole board. This potential hardship was not atypical and significant, however; instead, chronos documenting inmate interactions with staff are commonplace. *Perrotte v. Salazar*, No. ED CV 08-00123-JHN (VBK), 2011 U.S. Dist. LEXIS 72555, at *24-25 (C.D. Cal. Mar. 28, 2011) (informational chronos were "commonplace in prisoner files" and thus did not present an atypical and significant hardship). *See Sandin*, 515 U.S. at 485 ("Discipline by prison officials in response to a wide range of misconduct falls within the expected parameters of the sentence imposed by a court of law.").
>
> In fact, the Court in *Sandin* explicitly rejected an inmate's due process claim that a record of misconduct in his file would impact his parole chances, because the parole decision rested "on a myriad of considerations" and the inmate was entitled to procedural protections at the parole hearing to discuss the misconduct record. *Id.* at 487. The same is true here. "As in *Sandin*, nothing in California's Code requires the Parole Board to deny parole when presented with unfavorable . . . informational chronos or to grant parole in the absence of such documents." *Perrotte*, 2011 U.S. Dist. LEXIS 72555, at *25-26. And California law provides inmates the right "to ask and answer questions, and to speak on his or her own behalf" at parole board hearings. Cal. Pen. Code § 3041.5(a)(2).
>
> As the complaint does not state facts showing plaintiff's entitlement to, and defendants' denial of, procedural protections surrounding the placement of the general chrono in his file, nor does it state facts showing that the inclusion of the chrono was inhumane, plaintiff's claims under the Eighth and Fourteenth Amendments fail.

ECF No. 21 at 2-6.

The second amended complaint does not materially differ from the first amended complaint. It does, however, attempt to plead an equal protection claim based upon the same allegations. Those allegations fail to state a cognizable claim. They fail to articulate facts showing disparate treatment and they do not show that any defendant acted with an intent or purpose to discriminate against plaintiff because of his membership in a protected class. *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005). Moreover, there are no new allegations curing the deficiencies the court has already identified. Thus, the second amended complaint must be dismissed for failure to state a claim upon which relief could be granted.

The court has already afforded plaintiff two chances to amend his complaint, yet he is no closer to stating a cognizable claim. Consequently, it declines to offer him further opportunity to

amend. *See McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 809-10 (9th Cir. 1988) ("Repeated failure to cure deficiencies by amendments previously allowed is another valid reason for a district court to deny a party leave to amend.").

Accordingly, it is ORDERED that the Clerk of Court shall randomly assign a United States District Judge to this case.

Further, it is RECOMMENDED that plaintiff's second amended complaint (ECF No. 24) be DISMISSED without leave to amend for failure to state a cognizable claim and the Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 22, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5